UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**LARRY DEAN UYLAKI,**

Debtor.

Case No. **09-61157-13**

### *MEMORANDUM OF DECISION*

At Butte in said District this 14th day of September, 2009.

In this Chapter 13 case, after due notice hearing was held at Missoula on September 10, 2006, on the motion to modify stay filed on August 6, 2009, by Debtor's former spouse Rita Shipley Uylaki ("Rita") ("Rita") (Docket No. 21), which is filed based on 11 U.S.C. §. 362(d)(1) for "cause" seeking relief from the stay to continue with collection and enforcement of the Stipulated Amended Property Settlement Agreement in their divorce, and continue with contempt proceedings against the Debtor. The Debtor filed an objection was represented at the hearing by attorney Daniel S. Morgan ("Morgan") of Missoula. Rita was represented by attorney Robert Erickson of Missoula. Debtor's Exhibit ("Ex.") A, and Rita's Ex. 1, 2, and 3 were admitted by stipulation. The Court heard argument from counsel, and directed Rita's counsel to refile Ex. 3, after which the matter would be deemed submitted and taken under advisement. Ex. 3 has been resubmitted and reviewed by the Court together with the record and applicable law. The matter is ready for decision. Because Rita's claim arose prepetition, and she was served with

1

notice of this Chapter 13 case and Debtor's Plan, which was confirmed, the Court exercises its discretion and denies Rita's motion to modify stay. This memorandum contains the Court's findings of fact and conclusions of law.

This Court has exclusive jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). Rita's motion to modify stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

The Debtor Larry Dean Uylaki ("Larry" or "Debtor") and Rita were married. They petitioned to have their marriage dissolved in Cause No. DR-05-666 in the Montana Fourth Judicial District Court, Missoula County. On February 25, 2008, the state court entered a "Stipulated Amended Property Settlement Agreement"(Ex. 1 or the "PSA") in the dissolution case. Ex. 1 provides for maintenance for Rita and for division of marital property. On February 26, 2008, the state court approved the PSA by Order, Ex. 2.

Rita filed a motion to hold Larry in contempt, dated January 31, 2009, alleging that he failed to comply with the PSA. Ex. A. The state court entered "Findings of Fact, Conclusions of Law and Order" on May 19, 2009 (Ex. 3). In Ex. 3 the court found that Larry failed to pay Rita as required under the PSA, and found him in contempt for mismanagement of the marital estate and his obligations under the PSA. The court set a hearing on June 30, 2009, for imposition of sanctions for contempt. Ex. 3. Larry filed his Chapter 13 petition on June 15, 2009, which stayed the state court proceedings under 11 U.S.C. § 362(a).

Debtor filed a Chapter 13 Plan, and amended it twice after objections were filed, with service on Rita. Rita filed objections to Debtor's amended Plan on July 27, 2009, and filed her motion to modify stay on August 6, 2009. Rita objected to confirmation on the grounds Debtor's Plan's term was less than 5 years. Debtor cured that objection when he filed his Second Amended Plan (Docket No. 25) on August 10, 2009, which was served on Rita's counsel. Rita

2

did not file subsequent objections to confirmation, and did not appear at the hearing on confirmation held on August 11, 2009. The Chapter 13 Trustee appeared and consented, as a result of which the Court entered an Order (Docket No. 26) confirming Debtor's Second Amended Plan.

Debtor's confirmed Plan provides at paragraph 2(b) for the surrender of collateral securing Rita's impaired secured claim, and advises that in order for any unsecured deficiency to be allowed and paid a proof of claim must be filed. To date, Rita has not filed a Proof of Claim. The claims bar date is October 13, 2009. At paragraph 2(d) the confirmed Plan states that the Debtor is current on his domestic support obligations. Paragraph 2(g) requires that unsecured claims receive a distribution of at least $37,000 before the Debtor can obtain a discharge.

At the hearing Rita's counsel argued that her claim from the PSA for property settlement is nondischargeable, and she seeks relief from the stay to proceed with the contempt proceedings in state court. Morgan argued that Rita's claim is dischargeable in Chapter 13.

Rita's motion to modify stay is based upon § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" This Court explained the standard for modifying the stay for "cause" under § 362(d)(1) in *In re Westco Energy, Inc. ("Westco")*, 18 Mont. B.R. 199, 211-12 (Bankr. D. Mont. 2000):

> Section 362(d), however, provides that, "[on request of a party in interest and after notice and a hearing, the court shall grant relief from the [automatic] stay" in three instances. The subsection relevant to these proceedings is § 362(d)(1), which allows for the granting of relief from the automatic stay "for cause".[1] What

---

[1] Section 362(d)(1) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section , such as by

3

constitutes cause for purposes of § 362(d) "has no clear definition and is determined on a case-by-case basis." *Tucson Estates*, 912 F.2d at 1166. *See also Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In the Matter of Little Creek Dev. Co.)*, 779 F.2d 1068, 1072 (5th Cir. 1986) (Relief from the automatic stay may "be granted 'for cause,' a term not defined in the statute so as to afford flexibility to the bankruptcy courts.").

Section 362 vests this Court with wide latitude in granting appropriate relief from the automatic stay, and a decision to lift the automatic stay is within a bankruptcy court's discretion, and subject to review for an abuse of discretion. *In re Delaney-Morin*, 304 B.R. 365, 369-70 (9th Cir. BAP 2003); *In re Leisure Corp.*, 234 B.R. 916, 920 (9th Cir. BAP 1999); *In re Plummer*, 20 Mont. B.R. 468, 477-78 (Bankr. D. Mont. 2003); *Mataya v. Kissinger (In re Kissinger)*, 72 F.3d 107, 108-109 (9th Cir. 1995).

With respect to Rita's motion based on § 362(d)(1) for "cause," as the party seeking relief Rita must first establish that cause exists for relief under § 362(d)(1). *United States of America v. Gould (In re Gould)*, 401 B.R. 415, 426 (9th Cir. BAP 2009), citing *Duvar Apt., Inc. v. FDIC (In re Duvar Apt., Inc.)*, 206 B.R. 196, 200 (9th Cir. BAP 1996). Once a prima facie case has been established, the burden shifts to the debtor to show that relief from the stay is not warranted. *Id.*

Rita's contention that her property settlement claim is nondischargeable in Ch. 13 is not completely accurate. Section 523(a)(15) excepts PSA claims from discharge in a Ch. 7, and under 11 U.S.C. § 1328(b), per the language in the beginning clause of § 523(a). Section 1328(b) provides for the granting of a hardship discharge to a debtor who has not completed plan

---

terminating, annulling, modifying, or conditioning such stay–

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest[.]

4

payments. In the instant case there is not yet an issue involving the hardship discharge.

Section 1328(a) provides for the regular Ch. 13 discharge. Section 1328(a)(2) is where the 523(a) exceptions are found, including 523(a)(5) for alimony. Section 523(a)(15) is not included in the discharge exceptions listed in 1328(a)(2), and therefore Rita's PSA debt is dischargeable unless the Debtor fails to complete payments under his plan and requests a hardship discharge under § 1328(b), or unless the case is converted Chapter 7. Neither of those circumstances is present, and therefore Rita's PSA claim is subject to a discharge under § 1328(a) and is not "cause" for relief from the stay based on nondischargeability.

In addition in this case a confirmed plan exists, which surrendered property to Rita in full satisfaction of her allowed secured claim and requires Rita to file a claim for any unsecured deficiency, and provides for payment of her maintenance obligations under the PSA. No dispute exists that Rita had notice of this Chapter 13 case. She appeared and filed an objection to confirmation. Rita is bound by the confirmed Plan under 11 U.S.C. § 1327(a), and the Plan provides for payment of $37,000 on unsecured claims.

Rita's motion seeks relief from the stay to proceed with contempt proceedings in state court to collect a prepetition debt which may be dischargeable, and is provided for in a confirmed Plan. Based on the evidence this Court exercises its discretion and denies Rita's motion to modify stay. *Mataya v. Kissinger*, 72 F.3d at 108-109. The Court finds that the Debtor has satisfied Debtor's burden of proof to show that relief from the stay should not be granted for "cause" under § 362(d)(1).

## CONCLUSIONS OF LAW

1. This Court has original and exclusive jurisdiction over this Chapter 13 bankruptcy case under 28 U.S.C. § 1334(a).

2. Rita's motion to modify stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. The Debtor satisfied Debtor's burden of proof under 11 U.S.C. § 362(d)(1) to show that relief from the automatic stay should not be granted.

**IT IS ORDERED** a separate Order shall be entered sustaining Debtor's objection and denying Rita's motion to modify stay filed August 6, 2009 (Docket No. 21).

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana